# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-189 PA (GJSx) | Date | January 12, 2016 |
|---|---|---|---|
| Title | Vikki Georges Hufnagel v. Ocwen Loan Servicing, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before this Court is a Complaint filed by plaintiff Vikki Georges Hufnagel ("Plaintiff") against defendants Ocwen Loan Servicing, LLC ("Ocwen"); Novation Companies, Inc. ("Novation"), formerly known as Novastar Mortgage, Inc.; Streetlinks, LLC ("Streetlinks"); The Bank of New York Mellon ("BNY Mellon"), formerly known as The Bank of New York, as successor trustee for JP Morgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust Series 2006-1 NovaStar Home Equity Loan Asset-Backed Certificates; Western Progressive, LLC ("Western Progressive"); Shahram Borjkhani ("Borjkhani"); and Does 1-10 (collectively "Defendants").

    Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." The Central District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    The Complaint alleges that the Court possesses diversity jurisdiction over this action. Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-189 PA (GJSx) | Date | January 12, 2016 |
|---|---|---|---|
| Title | Vikki Georges Hufnagel v. Ocwen Loan Servicing, LLC, et al. | | |

its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."); Inmexti, S. de R.L. de C.V. v. TACNA Services, Inc., No. 12-cv-1379 BTM (JMA), 2012 WL 3867325, at *2 (S.D. Cal. Sept. 6, 2012) ("When determining the citizenship of a domestic LLC or LLP, the court looks to the citizenship of each member.").

The Complaint fails to establish that the parties are completely diverse. First, Plaintiff alleges that "OCWEN is a diverse defendant, because OCWEN is a Limited Liability Partnership with its principal place of business in Florida" and that "Ocwen Corp. purchased Litton Loan Servicing LP (not a defendant herein) from Goldman Sachs in June 2011, and renamed it Ocwen Loan Servicing LLC." Given that Plaintiff is suing Ocwen Loan Servicing, LLC, it is not clear why its jurisdictional allegations focus on the LLP, how either entity relates to Ocwen Corp., or what Ocwen Corp.'s citizenship may be. Plaintiff has failed to allege this defendant's citizenship for jurisdictional purposes. Second, despite identifying Western as an LLC, Plaintiff alleges that "WESTERN is a Delaware corporation conducting business as a financial services company in the state of California, with its principal place of business at 2002 Summit Blvd Ste 600, Atlanta, Georgia, 30319." Again, if Western is in fact an LLC, Plaintiff must allege the citizenship of its members. Third, Plaintiff alleges that Streetlinks "is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana." While Plaintiff notes that "Assurant, Inc." acquired Streetlinks in April 2014, Plaintiff does not allege the citizenship of Assurant, Inc.[1/] Finally, Plaintiff simply states that Borjkhani "is a diverse defendant whose present location is unknown." This is not sufficient to establish diversity jurisdiction. See Schneider Rucinski Enterprises v. Touch Asia Outsourcing Solutions, Inc., No. 08CV138 WQH (POR), 2008 WL 1925250, at *4 (S.D. Cal. Apr. 29, 2008) ("Plaintiff has the burden to affirmatively allege the citizenship of the parties and to establish diversity jurisdiction.")

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Despite these deficiencies a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by January 26,

---

[1/]   Plaintiff alleges that Streetlinks was a "wholly owned subsidiary of NOVASTAR" prior to April 2014. However, "[d]iversity jurisdiction is determined at the time of the filing of the complaint." Milner v. Wilson, No. 2:11-CV-1662 JCM (NJK), 2013 WL 216380, at *2 (D. Nev. Jan. 18, 2013).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-189 PA (GJSx) | Date | January 12, 2016 |
|---|---|---|---|
| Title | Vikki Georges Hufnagel v. Ocwen Loan Servicing, LLC, et al. | | |

2016.  The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.